IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| ANWAR ALI ABDALLAH | : | BANKRUPTCY NO.: 5-10-bk-08411-JJT |
| DEBTOR | : | |
| MOHAMAD AYOUB, | : | {**Nature of Proceeding**: Complaint for Objection to Discharge} |
| PLAINTIFF | : | |
| vs. | : | |
| ANWAR ALI ABDALLAH, | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-11-ap-00040-JJT** |

# OPINION

The Plaintiff, Mohamad Ayoub, has filed a Complaint against the Debtor, Anwar Ali Abdallah, objecting to the discharge of a debt under 11 U.S.C. § 523(a)(2) and (a)(6) and objecting to the discharge generally under § 727(2), (4), and (5). Testimony was taken on September 20, 2011, and the matter is ripe for disposition.

After hearing testimony from the Debtor and his adversary, and reviewing exhibits, the Court was skeptical that the grounds alleged in the Complaint supported a verdict for the Plaintiff, but that the evidence adduced was immediately convincing that discharge should be denied on grounds not alleged, to wit, § 727(a)(3). My concern was my ability to adjudicate this matter on grounds not alleged in the Complaint but raised by the evidence. Of special interest was a recent precedential decision of our Third Circuit Court of Appeals which criticized an immigration judge for her proactive participation in the litigation. *Abulashvili v. Att'y Gen.*, 663 F.3d 197, 202 (3d Cir. 2011). The *Abulashvili* decision was filed contemporaneous with the

argument on this matter.

I was fearful that an adjudication based on grounds not raised in the four corners of the Complaint would be tantamount to my assisting the Plaintiff in his litigation. I conclude that this apprehension had no basis. Unlike *Abulashvili,* I did not take over the presentation of this case. A review of the audio record indicates that the infrequent court interjections were simply to maintain the conduct of trial and to rule on objections. In the preliminary conclusions that I made suggesting the applicability of a Bankruptcy Code section not theretofore identified in the pleadings, I was simply remarking on the obvious. The testimony in this regard was drawn out by the Plaintiff and the exhibits utilized were the Plaintiff's. No objection to relevance was raised by the Debtor. The Debtor never suggested that this evidence went beyond the allegations of the Complaint. In the absence of objections, I must conclude that this issue was "tried by consent.[1]"

In Count I of his Complaint, the Plaintiff alleges, under 11 U.S.C. § 523(a)(2), that the Debtor falsely represented to Linda Hart, a buyer of the Debtor's coffee shop business purchased from the Plaintiff, that no money was owed by the Debtor for his original purchase of the business. This allegation must fail since the debt owing the Plaintiff was incurred far prior to this alleged misrepresentation and was not incurred because of this statement, even if false.

In Plaintiff's Count II under 11 U.S.C. § 523(a)(6), he alleges that he is a victim of a willful injury because the Debtor sold this business and failed to utilize the proceeds of that sale

---

[1] "When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move--at any time, even after judgment--to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue." Federal Rule of Civil Procedure Rule 15(b)(2), made applicable in bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7015.

to repay the Plaintiff from whom the Debtor purchased this business. I will observe that if the failure to pay a just debt were the only criteria that would qualify under ths exception to discharge, then no debt would ever be dischargeable. Congress clearly meant to limit this exception to acts done with the actual intent to cause injury. *Kawaauhau v. Geiger,* 523 U.S. 57, 61, 118 S.Ct. 974, 977 (1998).

Plaintiff's Count III makes allegations under 11 U.S.C. § 727(a)(2), (4), and (5). In this Count the Plaintiff alleges a string of failures by the Debtor to disclose certain information on his schedules relating to the Debtor's assets. Most of the information alluded to was contained in subsequent amendments to the Debtor's schedules. I generally conclude that Plaintiff has not established a case under either §§ 727(a)(2),or (a)(5). Plaintiff's Exhibit D, however, contains an answer (paragraph 8) to an interrogatory that clearly sets out a series of significant cash payments in excess of $46,000 made to creditors completely devoid of any supporting documentation. One of these individuals was Debtor's brother and, thus, an insider under 11 U.S.C. § 101(31)(A)(I). The Debtor emphasized that these individuals "loaned" him cash without requiring documentation and so he repaid in kind. The Debtor also testified that his spouse, Amal Zurieqi, received $9,000 to deliver cash to others in repayment of his loans. The Debtor referenced no records in conjunction with these obligations. There were no promissory notes, no receipts, no documentation of any kind. These transfers were made within a year of bankruptcy and, at least as to his spouse and brother, should have been disclosed in the answer to question 3.c. of his Statement of Affairs. This was a shortcoming of such materiality and significance as to support the Plaintiff's allegation that discharge should be denied under § 727(a)(4)(A).

On the day this matter was tried, the Court made the *sua sponte* observation that the Debtor has violated the provisions of 11 U.S.C. § 727(a)(3) by his failure to maintain records of the obligations ostensibly owing to those creditors paid with the proceeds of the sale of his business. *Meridian Bank v. Alten,* 958 F.2d 1226, 1232 (C.A.3 (N.J.), 1992) ("The Code protects creditors of a bankrupt by requiring the debtor to maintain adequate records of his affairs. This is a prerequisite to a discharge under section 727.")

As indicated, I find that this issue was tried by consent of the parties since it was fully litigated without objection at the time of trial despite not having been identified in the pleadings. To the extent the Plaintiff seeks leave to amend the pleadings to conform to the evidence, that request is granted under Federal Rule of Civil Procedure 15(b)(2).

For these reasons, I will enter judgment in favor of the Defendant/Debtor on Counts I and II. On Count III, I enter judgment in favor of the Plaintiff and against the Defendant/Debtor.

The Electronic Court Recorder Operator is directed to file a transcript of Trial held September 20, 2011, so that the Chapter 7 Trustee and the United States Trustee can review same for any followup deemed appropriate.

My Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge
(CMS)

Date: February 27, 2012